UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM E. SHAFFER, JR.,

                                        Plaintiff,

v.                                                      3:25-cv-01587
                                                        (AJB/TWD)

DR. PAUL TINSLEY and
GUTHRIE LOURDES MEDICAL CENTER,

                                        Defendants.
_____

APPEARANCES:

WILLIAM E. SHAFFER, JR.,
*Plaintiff*, pro se
326841
Broome County Correctional Facility
P.O. Box 2047
Binghamton, NY 13902

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

<u>**REPORT-RECOMMENDATION AND ORDER**</u>

## I.    INTRODUCTION

The Clerk has sent to the Court for review a complaint submitted by *pro se* plaintiff

William E. Shaffer, Jr. ("Plaintiff"), together with an application to proceed *in forma pauperis*

("IFP").  Dkt. Nos. 1, 2.  Plaintiff, who is incarcerated at Broome County Correctional Facility,

has not paid the filing fee for this action.

## II.    IFP APPLICATION

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court

without prepayment of the filing fee that would ordinarily be charged."  *Cash v. Bernstein*, No.

1:09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010). "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id.* (citing 28 U.S.C. § 1915(b); *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).[1]

Upon review, the Court finds Plaintiff has submitted a completed and signed IFP application, which demonstrates economic need. Dkt. No. 2. Plaintiff has also filed the inmate authorization form required in this District. Dkt. No. 3. Accordingly, Plaintiff's IFP application is granted.[2]

## III.    BACKGROUND

Plaintiff commenced this action utilizing the Court's form complaint for civil rights actions, identifying 42 U.S.C. § 1983 as the basis for his claims. *See* Dkt. No. 1 at 1. The complaint lists two defendants: Guthrie Lourdes Medical Center and Dr. Paul Tinsely. *Id.* at 2-3.

Plaintiff alleges that, on an unspecified date, a "mass" on the right side of his neck was removed. *Id.* at 3. Dr. Paul Tinsley "had it biopsied and it came back as Thyroid cancer." *Id.* Dr. Tinsley diagnosed Plaintiff with thyroid cancer and told Plaintiff this type of cancer "does not spread, it stays in the thyroid." *Id.* But "come to find out," the "cancer had spread" and he is

---

[1] Section 1915(g) prohibits a prisoner from proceeding *in forma pauperis* where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions or appeals that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). Based upon the Court's review of Plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service, it does not appear that Plaintiff has accumulated three strikes for purposes of 28 U.S.C. § 1915(g).

[2] Plaintiff should note that although his IFP application has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

"stage three." *Id*. Dr. Tatiana Fedorova told Plaintiff the cancer is "in [his] lymph nodes." *Id*. at 5. Plaintiff asserts a single claim for being "wrongly diagnosed." *Id*. He seeks $10 million in damages. *Id*.

## IV.    STANDARD OF REVIEW

Section 1915 of Title 28 requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 § 1915(e)(2)(B)(i)-(iii); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The court must also dismiss a complaint, or portion thereof, when it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citation omitted, emphasis in original). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . or (2) the claim is based on an indisputably meritless legal theory.").

Additionally, when reviewing a complaint, a court may look to the Federal Rules of Civil Procedure. *See, e.g.*, *Cole v. Smrtic*, No. 1:24-CV-00847 (MAD/CFH), 2024 WL 4870495, at *2 (N.D.N.Y. Nov. 21, 2024) (explaining, "special solicitude for *pro se* pleadings has its limits,

because *pro se* pleadings still must comply with . . . the Federal Rules of Civil Procedure . . . .")
(internal quotations and citation omitted), *report and recommendation adopted*, 2025 WL
247901 (N.D.N.Y. Jan. 21, 2025).  To survive dismissal for failure to state a claim, a complaint
must contain a short and plain statement of the claim showing that the pleader is entitled to relief.
Fed. R. Civ. P. 8(a)(2).  This short and plain statement of the claim must be "plausible on its
face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads
factual content that allows the court to draw the reasonable inference that the defendant is liable
for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim upon which relief may be granted, "the
court must accept the material facts alleged in the complaint as true and construe all reasonable
inferences in the plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994)
(citations omitted).  However, "the tenet that a court must accept as true all of the allegations
contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.
"Threadbare recitals of the elements of a cause of action, supported by mere conclusory
statements, do not suffice."  *Id*.

## V.    DISCUSSION

### A.    Section 1983 Claims

Plaintiff brings this action under 42 U.S.C. § 1983, which provides in relevant part:

> [e]very person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State . . . subjects, or causes to
> be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured . . . .

28 U.S.C. § 1983.  "Section 1983 itself creates no substantive rights; it provides only a procedure
for redress for the deprivation of rights established elsewhere."  *Sykes v. James*, 13 F.3d 515, 519

(2d Cir. 1993) (citing *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985)); *accord Jean-Baptiste v. United States Dep't of Just.*, No. 23-441, 2024 WL 1193062, at *1 (2d Cir. Mar. 20, 2024) (noting that Section 1983 does not provide an independent source of substantive rights).

To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are therefore not generally liable under the statute. *Sykes*, 723 F.3d at 406 (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Construing Plaintiff's allegations to "raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)), the complaint does not plausibly state a claim under Section 1983.

To that end, the complaint is devoid of allegations plausibly suggesting the defendants, Guthrie Lourdes Medical Center and Dr. Paul Tinsely, are state actors. *See, e.g.*, *White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010) ("[P]rivate actors and institutions, such as the hospitals . . . named as defendants in [plaintiff's] complaint, are generally not proper § 1983 defendants because they do not act under color of state law."); *Basile v. Connolly*, 538 F. App'x 5, 7 (2d Cir. 2013) (explaining, "private individuals . . . cannot be sued under 42 U.S.C. § 1983 absent a plausible allegation that they acted under color of state law."). The complaint is similarly devoid of allegations plausibly suggesting these defendants were acting under color of

state law.[3]  "Since it is the duty of the plaintiff to allege state action on the part of the defendant named in a complaint, a court may dismiss an action under 28 U.S.C. § 1915(e) where a plaintiff fails to plead such a nexus."  *Denes v. Glens Falls Hosp.*, No. 1:05 CV 0838 (GLS/DRH), 2005 WL 2033489, at *2 (N.D.N.Y. Aug. 17, 2005).  Such is the case here.

In any event, Plaintiff claims he was "wrongly diagnosed" on an unspecified date.  Dkt. No. 1 at 5.  Thus, the complaint is also devoid of allegations plausibly suggesting "a right secured by the Constitution or laws of the United States was violated[.]"  *West*, 487 U.S. 48-49. At most, "Plaintiff's potential claims for negligence and medical malpractice arise under state law, not federal law."  *Reyes v. New York Presbyterian Hosp.*, No. 20-CV-3046, 2020 WL 6161261, at *2 (E.D.N.Y. Oct. 21, 2020); *Panchitkhaew v. Long Island Jewish Med. Ctr.*, No. 18-CV-4434, 2019 WL 1492780, at *3 (E.D.N.Y. Apr. 4, 2019) (noting that medical malpractice and negligence are state law claims).

Accordingly, the undersigned recommends dismissal of Plaintiff's Section 1983 claims for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

## B.    State Law Claims

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Generally, "when the federal-law claims have dropped out of the lawsuit in its early

---

[3] A private actor may satisfy the "under-color-of-state-law" element where: (1) "the entity acts pursuant to the coercive power of the state or is controlled by the state"; (2) "the state provides significant encouragement to the entity," and "the entity is [either] a willful participant in joint activity with the state or the entity's functions are entwined with state policies"; or (3) "the entity has been delegated a public function by the state."  *Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 147 (2d Cir. 2020).  "The activities of private hospitals and their officers typically do not satisfy any of these tests."  *Fisher v. Glens Falls Hosp.*, No. 1:25-CV-831 (AJB/DJS), 2025 WL 2324128, at *2 (N.D.N.Y. July 15, 2025), *report and recommendation adopted*, 2025 WL 2323523 (N.D.N.Y. Aug. 12, 2025).

stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Here, having recommended dismissal of Plaintiff's Section 1983 claims, the undersigned also recommends that the District Court decline to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting.

### C.    Leave to Amend

"Generally leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (cleaned up).  Mindful of Plaintiff's *pro se* status, the undersigned recommends Plaintiff's complaint be dismissed without prejudice and with leave to amend.[4]

## VI.    CONCLUSION

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED** that Plaintiff's IFP application (Dkt. No. 2) is **GRANTED**.  The Clerk shall provide the Superintendent of the facility, designated by Plaintiff as his current location, with a copy of Plaintiff's inmate authorization (Dkt. No. 3) and notify the official that this action has

---

[4] The Court advises Plaintiff that should he be permitted to amend his complaint, any amended pleading he submits to this Court must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Any amended complaint must set forth all of the claims he intends to assert against the defendants and must demonstrate that a case or controversy exists between the Plaintiff and the defendants which Plaintiff has a legal right to pursue and over which this Court has jurisdiction.  Any amended complaint must set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts.  Plaintiff is cautioned that no portion of his prior complaint shall be incorporated into any amended complaint by reference. If Plaintiff is alleging the defendants violated a law, he should specifically refer to such law.  Of course, Plaintiff may also pursue his claims in state court if appropriate.

been filed and that Plaintiff is required to pay the Northern District of New York the statutory filing fee of $350.00 in installments, over time, pursuant to 28 U.S.C. § 1915; and it is further

ORDERED that the Clerk shall provide a copy of Plaintiff's inmate authorization (Dkt. No. 3) to the Financial Deputy of the Clerk's Office; and it is further

RECOMMENDED that Plaintiff's complaint (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**; and it is further

ORDERED that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff in accordance with the Local Rules and provide Plaintiff with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.[5]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

IT IS SO ORDERED.

Dated: January 23, 2026
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[5] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

2010 WL 5185047
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

David J. CASH, Plaintiff,

v.

BERNSTEIN, MD, Defendant.

No. 09 Civ.1922(BSJ)(HBP).
|
Oct. 26, 2010.

*REPORT AND RECOMMENDATION* [1]

[1]
    At the time the action was originally filed, the Honorable Leonard B. Sand, United States District Judge, granted plaintiff's application for *in forma pauperis* status based on plaintiff's *ex parte* submission (Docket Item 1). Although the present application seeking to revoke plaintiff's *in forma pauperis* status is non-dispositive, I address it by way of a report and recommendation to eliminate any appearance of a conflict between the decision of a district judge and that of a magistrate judge.

PITMAN, United States Magistrate Judge.

**\*1** TO THE HONORABLE BARBARA S. JONES, United States District Judge,

I. *Introduction*
By notice of motion dated March 4, 2010 (Docket Item 11), defendant moves pursuant to 28 U.S.C. § 1915(g) to revoke plaintiff's *in forma pauperis* ("IFP") status on the ground that plaintiff has previously had at least three Section 1983 actions dismissed as frivolous, malicious or failing to state a claim upon which relief could be granted, and has not shown that he is in imminent danger of serious physical injury. Defendant further seeks an order directing that the action be dismissed unless plaintiff pays the full filing fee within thirty (30) days. For the reasons set forth below, I respectfully recommend that defendant's motion be granted.

II. *Facts*

Plaintiff, a sentenced inmate in the custody of the New York State Department of Correctional Services, commenced this action on or about January 12, 2009 by submitting his complaint to the Court's Pro Se office. Plaintiff alleges, in pertinent part, that he has "a non-healing ulcer that is gane green [*sic* ]" and that defendant Bernstein "did not want to treat the ulcer right" (Complaint, dated March 3, 3009 (Docket Item 2) ("Compl."), at 3).

The action was originally commenced against two defendants —Dr. Bernstein and Dr. Finkelstein. The action was dismissed as to Dr. Finkelstein because the complaint contained no allegations whatsoever concerning Dr. Finkelstein (Order dated February 18, 2010 (Docket Item 9)).

On March 4, 2010, the sole remaining defendant—Dr. Bernstein—filed the current motion. Plaintiff failed to submit a response. Accordingly, on August 20, 2010, I issued an Order advising plaintiff that if he wished to oppose the motion, he must submit his opposition by September 15, 2010 and that after that date I would consider the motion fully submitted and ripe for decision (Order dated August 20, 2010 (Docket Item 15)). The only submission plaintiff has made in response to my Order is a multi-part form issued by the New York State Department of Correctional Services entitled "Disbursement or Refund Request." [2] By this form, plaintiff appears to request that the New York State Department of Correctional Services pay the filing fee for this action. The form is marked "Denied."

[2]
    Plaintiff sent this form directly to my chambers, and it has not been docketed by the Clerk of the Court. The form will be docketed at the time this Report and Recommendation is issued.

III. *Analysis*
28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged. Although an indigent, incarcerated individual need not prepay the filing fee at the time at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts. 28 U.S.C. § 1915(b); *Harris v. City of New York,* 607 F.3d 18, 21 (2d Cir.2010). To prevent abuse of the judicial system by inmates, paragraph (g) of this provision denies incarcerated individuals the right to proceed without prepayment of the filing fee if they have repeatedly filed meritless actions, unless such an individual shows that he or she is in imminent danger of serious

physical injury. *See Ortiz v. McBride,* 380 F.3d 649, 658 (2d Cir.2004) ("[T]he purpose of the PLRA ... was plainly to curtail what Congress perceived to be inmate abuses of the judicial process."); *Nicholas v. Tucker,* 114 F.3d 17, 19 (2d Cir.1997). Specifically, paragraph (g) provides:

> **\*2** In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

If an inmate plaintiff seeks to avoid prepayment of the filing fee by alleging imminent danger of serious physical injury, there must be a nexus between the serious physical injury asserted and the claims alleged. *Pettus v. Morgenthau,* 554 F.3d 293, 298 (2d Cir.2009).

Section 1915(g) clearly prevents plaintiff from proceeding in this action without prepayment of the filing fee. The memorandum submitted by defendant establishes that plaintiff has had his IFP status revoked on at least four prior occasions as a result of his repeatedly filing meritless actions.

- In 2005, plaintiff commenced an action in the United States District Court for the Northern District of New York seeking to have his infected leg amputated. *Nelson[3] v. Lee,* No. 9:05–CV–1096 (NAM)(DEP), 2007 WL 4333776 (N.D.N.Y. Dec. 5, 2007). In that matter, the Honorable Norman A. Mordue, Chief United States District Judge, accepted and adopted the Report and Recommendation of the Honorable David E. Peebles, United States Magistrate Judge, that plaintiff had brought three or more prior actions that had been dismissed for failure to state a claim and that plaintiff's IFP status should, therefore, be revoked. 2007 WL 4333776 at *1–*2.

3   It appears that plaintiff uses the names David J. Cash and Dennis Nelson interchangeably. In his complaint in this matter, plaintiff states that the Departmental Identification Number, or DIN, assigned to him by the New York State Department of Correctional Services ("DOCS") is 94–B–0694 (Compl. at 7). DOCS inmate account records submitted by plaintiff in connection with his application for IFP status indicate that DIN 94–B–0694 is assigned to Dennis Nelson. In addition, the DOCS form described in footnote two bears the docket number of this action, but is signed in the name of Dennis Nelson and was sent in an envelope identifying the sender as Dennis Nelson. A subsequent action has been filed in this Court in which the plaintiff identifies himself as Dennis Nelson but lists his DIN as 94–B–0694, the same DIN used by plaintiff here. Finally, plaintiff has submitted nothing to controvert the assertion in defendant's papers that David Cash and Dennis Nelson are the same person. In light of all these facts, I conclude that David Cash and Dennis Nelson are both names used by plaintiff.

- In *Nelson v. Nesmith,* No. 9:06–CV–1177 (TJM)(DEP), 2008 WL 3836387 (N.D.N.Y. Aug. 13, 2008), plaintiff again filed an action concerning the medical care he was receiving for his left leg. The Honorable Thomas J. McAvoy, United States District Judge, accepted the Report and Recommendation of Magistrate Judge Peebles, and revoked plaintiff's IFP status and dismissed the action on the ground that plaintiff had previously commenced at least three actions that had been dismissed on the merits. 2008 WL 3836387 at *1, *7.

  - In *Nelson v. Spitzer,* No. 9:07–CV–1241 (TJM) (RFT), 2008 WL 268215 (N.D.N.Y. Jan. 29, 2008), Judge McAvoy again revoked plaintiff's IFP status on the ground that plaintiff had commenced three or more actions that constituted "strikes" under Section 1915(g) and had not shown an imminent threat of serious physical injury. 2008 WL 268215 at *1–*2.

  - Finally, in *Nelson v. Chang,* No. 08–CV–1261 (KAM)(LB), 2009 WL 367576 (E.D.N.Y. Feb. 10, 2009), the Honorable Kiyo A. Matsumoto, United

States District Judge, also found, based on the cases discussed above, that plaintiff had exhausted the three strikes permitted by Section 1915(g) and could not proceed IFP in the absence of a demonstration of an imminent threat of serious physical injury. 2009 WL 367576 at *2–*3.

**\*3** As defendant candidly admits, there is one case in which plaintiff's leg infection was found to support a finding of an imminent threat of serious physical injury sufficient to come within the exception to Section 1915(g). *Nelson v. Scoggy,* No. 9:06–CV–1146 (NAM)(DRH), 2008 WL 4401874 at *2 (N.D.N.Y. Sept. 24, 2008). Nevertheless, summary judgment was subsequently granted for defendants in that case, and the complaint was dismissed. Judge Mordue concluded that there was no genuine issue of fact that plaintiff had received adequate medical care for his leg wound and that the failure of the leg to heal was the result of plaintiff's own acts of self-mutilation and interference with the treatment provided. *Nelson v. Scoggy,* No. 9:06–CV–1146 (NAM)(DRH), 2009 WL 5216955 at *3–*4 (N.D.N.Y. Dec. 30, 2009). [4]

[4]

> Although the form complaint utilized by plaintiff expressly asks about prior actions involving the same facts, plaintiff disclosed only the *Scoggy* action and expressly denied the existence of any other actions relating to his imprisonment (Compl. at 6).

In light of the foregoing, there can be no reasonable dispute that plaintiff has exceeded the three "strikes" allowed by Section 1915(g) and that he cannot, therefore, proceed here without prepaying the filing fee unless he demonstrates an imminent threat of serious physical injury. Plaintiff has declined to attempt to make this showing in response to defendant's motion, and the only suggestion in the record of serious physical injury is the bare statement in the complaint that plaintiff "need[s] to go back to a wound speci[a]list before the gane green [*sic* ] kills [him]" (Compl. at 5). "However, unsupported, vague, self-serving, conclusory speculation is not sufficient to show that Plaintiff is, in fact, in imminent danger of serious physical harm." *Merriweather v. Reynolds,* 586 F.Supp.2d 548, 552 (D.S.C.2008), *citing Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir.2003) *and White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir.1998); *see also Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir.2003) (imminent danger exception to Section 1915(g) requires "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury"). Given the plaintiff's

history, as set forth in the cases described above, I conclude that this vague statement is insufficient to support a finding that plaintiff is in imminent danger of serious physical injury. [5]

[5]

> Plaintiff has sent me several letters describing his wound and its symptoms in detail, and I have no doubt that the wound is serious. However, in granting summary judgment dismissing an action last year based on the same allegations, Judge Mordue of the Northern District found that there was no genuine issue of fact that plaintiff's own conduct was responsible for the ineffectiveness of the treatment he was provided:
>
> > Furthermore, to the extent that Nelson's medical treatment was delayed, much of the delay was due to his own refusal to cooperate with medical staff and his self-mutilations. Nelson's actions to thwart the medical treatment of his wound cannot be construed as interference or indifference by anyone else.... [T]he medical treatment Nelson received complied with constitutional guarantees as it was appropriate, timely, and delayed only by Nelson's own actions.
>
> *Nelson v. Scoggy, supra,* 2009 WL 5216955 at *4. Given plaintiff's total failure to respond to the pending motion and his failure to even deny that he is actively thwarting treatment of his wound, it would be sheer speculation for me to conclude that he is in imminent danger of a serious injury as a result of defendant's conduct.

IV. *Conclusion*

Accordingly, for all the foregoing reasons, I find that plaintiff has had three or more prior actions dismissed as being frivolous, malicious or failing to state a claim and that plaintiff's *in forma pauperis* status should, therfore, be revoked. If your Honor accepts this recommendation, I further recommend that the action be dismissed unless plaintiff pays the filing fee in full within thirty (30) days of your Honor's final resolution of this motion.

V. *OBJECTIONS*

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6(a). Such objections (and

Cash v. Bernstein, Not Reported in F.Supp.2d (2010)

2010 WL 5185047

responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Barbara S. Jones, United States District Judge, 500 Pearl Street, Room 1920, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Jones. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. *Thomas v. Arn,* 474 U.S. 140, 155

(1985); *United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir.1997); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57– 59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237– 38 (2d Cir.1983).

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 5185047

---

**End of Document**  © 2026 Thomson Reuters. No claim to original U.S. Government Works.

2024 WL 4870495
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Matthew H. COLE, Plaintiff,

v.

Honorable Michael W. SMRTIC, et al. Defendants.

No. 1:24-CV-00847 (MAD/CFH)
|
Signed November 21, 2024

**Attorneys and Law Firms**

MATTHEW H. COLE, 271 Market Street, Amsterdam, New York 12010, Plaintiff pro se.

**REPORT-RECOMMENDATION & ORDER**

CHRISTIAN F. HUMMEL, United States Magistrate Judge

**I. In Forma Pauperis**

**\*1** Plaintiff pro se Matthew H. Cole ("plaintiff") commenced this action (No. 1:24-CV-00623) on May 6, 2024, by filing a complaint. See Dkt. No. 1 ("Compl."). On September 26, 2024, plaintiff submitted what the Court construes to be a supplement to the complaint.[1] See Dkt. No. 7. In lieu of paying this Court's filing fees, he submitted an application for leave to proceed in forma pauperis ("IFP"). See Dkt. No. 2. The undersigned has reviewed plaintiff's IFP application and determines that he financially qualifies to proceed IFP.[2] Thus, the Court proceeds to its review of the complaint pursuant to 28 U.S.C. § 1915. Plaintiff has also submitted for the Court's review a Pro Se Application for Permission to File Electronically and a Motion to Appoint Counsel. See Dkt. Nos. 4, 5.

[1] The submission includes a letter addressed to District Judge D'Agostino, titled, "Requirements for Cases Removed From State Court," Dkt. No. 7; a receipt from Montgomery County Clerk dated December 8, 2022; and a "Notice of Claim" with the caption of Cole v. County of Montgomery, dated December 7, 2022. See Dkt. No. 7. The undersigned has reviewed this submission in connection with the initial review of plaintiff's

complaint. See Sira v. Morton, 380 F. 3d 57, 67 (2d Cir. 2004).

[2] Plaintiff is advised that, although he has been granted IFP status, he is still required to pay all fees and costs he may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

**II. Initial Review**

**A. Legal Standards**

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted); see also Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). As the Second Circuit stated,

There are many cases in which we have said that a pro se litigant is entitled to "special solicitude," that a pro se litigant's submissions must be construed "liberally," and that such submissions must be read to raise the strongest arguments that they "suggest[.]" At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, or arguments that the submissions themselves do not "suggest," that we should not "excuse frivolous or vexatious filings by pro se litigants," and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law[.]"

**\*2** Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191-92 (2d Cir. 2008).

"The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with ... the Federal Rules of Civil Procedure [('Fed. R. Civ. P.')]." Kastner v. Tri State Eye, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994)). Pleading guidelines are provided in the Federal Rules of Civil Procedure. Specifically, Rule 8 requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction ...;

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

> (3) a demand for the relief sought...

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d). "The purpose ... is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order).

Further, Fed. R. Civ. P. 10 provides:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of a defendant's duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative ... to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal ... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

**\*3** This Court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed. See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000). "Legal frivolity ... occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.' " Aguilar v. United States, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999)[3] (quoting Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998)); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory ... or factual contentions lack an arguable basis.").

---

[3]     Any unpublished cases cited within this Report-Recommendation & Order have been provided to plaintiff.

---

### B. Complaint

Plaintiff's civil cover sheet indicates that he seeks to bring this action pursuant to "Title U.S.C. 18 Section 241, Conspiracy Against Rights & Title U.S.C. 18 Section 242 Deprivation of rights Under Color of Law." Dkt. No. 1-1 at 1. The civil cover sheet further provides that his cause of action involves, "Violation of Due process, Speedy Trial Rights, Ineffective Assistance of Counsel. I feel I am being targeted for being black and gay." Id.

Plaintiff's form complaint checks the box indicating that he seeks to bring this case pursuant to 42 U.S.C. § 1983.

See Compl. at 3. In response to the question in the form complaint asking in "what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials," plaintiff responds, "Due Process, 30.30 Speedy Trial Violation, Ineffective Assistance of counsel."[4] Id. In response to a question asking him to explain "how each defendant acted under color of state or local law," plaintiff states "Each judge deliberately denied me due process, and refused to look into the paperwork to see that i was improperly denied my speedy trial rights. It was a tean [sic] effort. The ADA/Special Prosecutor withheld potential exculpatory material which was usd [sic] against me. All mentioned actions were done and upheld even after I showed federal law with supportive case law as a pro se litigant." Id.

[4]     Although plaintiff generally references ineffective assistance of counsel, Compl. at 4, he does not name any attorney who may have represented him. Any claims against the prosecutor would not be considered ineffective assistance of counsel because Mr. Maxwell, as the prosecutor, was not plaintiff's attorney.

Plaintiff provides that his "case is still on appeakl [sic] in Appellate Court Third Department. I feel they are guilty, or part of what I call a scandal. I went to them from the very start with a complaint to the grievance committee, where they denied any wrongdoing. It must be ok to violate Constitutional rights there. This is from March 2019 to present" Id.

In response to a question that asks plaintiff to state the facts underlying his claims, plaintiff states, "Please see attached Article 78 that is attached. It was dismissed being in the wrong court, but is on point." Id. at 4. Plaintiff did not provide the Court with any such attachment and has not submitted any Article 78 materials. See Compl., Dkt. No. 7.

In response to the form complaint's question asking about any injuries suffered as a result of the conduct he complains of, plaintiff states, "Sever [sic] depression over 20 years, irreperable [sic] harm, defamation of charcter [sic] by arguments not legally allowed to give. Loss of income, inability to gain and keep employment, mental trauma, instilled disbelief in justice in the legal system, familial traumam [sic] due to my legal battles." Id. Indicating the relief sought, plaintiff states

 **\*4**   Petitioner seeks reinstatement of driving priveldges [sic], and 10 million dollars for damages caused by conflict of interest, deliberate violation of Due Process, Speedy Trial rights, Ineffective assistance of counsel, malice, Brady Violation, Petitioner claims deliberate misconduct and malice in Montgomery County Court, the Saratoga Disrict Attorney's Office, and the Supreme Court Appellate Division Third department. ** This is subject to change if an attorney agrees to represent.

Compl. at 5. Although he typed his name, plaintiff does not sign the complaint where a signature is indicated. See id. at 8.

Plaintiff provides in his supplement that he "removed this action to district court asserting jurisdiction pursuant to 42 U.S.C. 1983, and § 1441." Dkt. No. 7. at 1. Plaintiff states that he removed this case from Montgomery County Supreme Court. See id. He states that he seeks or sought the removal because he was told he was "not guarantee counsel" at the state, but that "[i]n Federal Court, there is that option, pending qualification, and I am told, if a lawyer agrees to take it, then I really have something. I am in dire need of counsel." Id.

Plaintiff states, "[t]he ineffective assistance of counsel and The County Court are a matter already mentioned in the appeal." Dkt. No. 7 at 2. Plaintiff states that "[t]o get my conviction, I allege judicial and prosecutorial misconduct, and ineffective assistance of counsel × 4. That is why I am pro se. I had to protect myself when appointed counsel did not. It also went through a couple judges which is why they are mentioned in the preliminary complaint/paperwork, and why I mention bias." Id. Plaintiff states he can "prove each thing I saw not just with my words, but with transcripts[5] from the County Court, and the Adult Drug Court." Id. Plaintiff refers to being drug free for four and a half years and having academic success in college. Id. at 3. He states that he wishes this Court to hear his case because he believes he will not "see bias" in federal court "like I saw in others." Id. Plaintiff states that he "also put in a Notice of Removal in the Federal Court for those criminal charges that led to the Complaint. I do not trust the assigned appellate attorney. That case too has

Constitutional violations. That case number is 1:24-CR-301 (AMN)." Id.

5     Plaintiff did not provide any transcripts.

### C. Discussion [6]

6     As a courtesy, the Court has provided plaintiff with copies of any unpublished cases cited within this Report-Recommendation & Order.

### 1. Rule 8

As a threshold issue, plaintiff's complaint fails to meet the requirements of Rule 8. See FED. R. CIV. P. 8(a)(2). He does not provide a short and plain statement of the claim demonstrating why he is entitled to relief. Although he makes general references to both an Article 78 proceeding and a criminal proceeding and unexplained references to "Due Process, 30.30 Speedy Trial Violation, Ineffective of Counsel," he does not provide factual support or context. Thus, his complaint does not provide "fair notice" to defendants of the claims against them. See FED. R. CIV. P. 8(a)(2).

### 2. Heck v. Humphrey

However, there are several substantive concerns that further lead the undersigned to recommend dismissal. First, in referencing to "Due Process, 30.30 Speedy Trial Violation, Ineffective of Counsel" and explicitly referencing a criminal conviction, it is clear that plaintiff is attempting to seek some kind of review of a criminal proceeding or conviction. See Compl. at 3. Plaintiff also accuses all named judges of denying him due process and contends that an unnamed "ADA/Special Prosecutor withheld potential exculpatory material which was usd [sic] against me." Compl. at 4. Plaintiff also references a conviction. See Dkt. No. 7 at 4. Such claims would be barred by Heck v. Humphrey.

**\*5**  As this Court, citing the District of Connecticut, has set forth:

> In Heck, the Supreme Court held that in order for a plaintiff "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by

actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. The court further held that "[a] claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 487 (emphasis in original).

[ ]

> Thus, under Heck and its progeny, if a conviction has not been invalidated previously, a "§ 1983 action is barred ... no matter the target of the prisoner's suit ... if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Ali v. Shattuck, No. 8:24-CV-0128 (DNH/CFH), 2024 WL 2747619, at \*3 (N.D.N.Y. May 29, 2024), report-recommendation adopted sub nom. Ali v. Dow, No. 8:24-CV-128, 2024 WL 3460745 (N.D.N.Y. July 18, 2024) (quoting Zografidis v. Richards, No. 3:22-CV-00631 (AVC), 2022 WL 21756775, at \*7 (D. Conn. July 6, 2022), report and recommendation adopted (Oct. 7, 2022), aff'd, No. 22-3197, 2023 WL 7538211 (2d Cir. Nov. 14, 2023)).

Plaintiff has failed to demonstrate that any criminal charge(s), conviction, or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Zografidis, 2022 WL 21756775, at \*7. Although plaintiff's complaint wants for detail, the undersigned can clearly determine that plaintiff seeks review of his criminal proceedings, conviction, and/or sentence. The claims plaintiff seeks to pursue relate to allegations that he was denied due process, denied speedy trial rights, and experienced ineffective assistance of counsel. Accordingly, plaintiff's claims are barred by Heck unless and until he can demonstrate favorable termination of his criminal conviction. [7]

7     The undersigned recognizes that claims that are determined to be barred by Heck are dismissed without prejudice. However, the undersigned has recommended dismissal with prejudice because

plaintiff has only named defendants who are immune from relief. Accordingly, the undersigned is recommending dismissal of the claims based on these immunities, rather than a Heck dismissal. The undersigned has included the Heck review for sake of completeness.

### 3. Immunities

Plaintiff names as defendants several defendants who are immune from suit. Insofar as plaintiff names Hon. Michael W. Smrtic, Interim Montgomery County Judge and Tatiana N. Coffinger, "County/Family/Surrogate's Court Judge"[8] such claims would be barred by judicial immunity.

[8]    Although plaintiff provides no facts regarding any family court proceedings, that he named a family court judge and makes general reference to that he seeks review over actions taken by a family court judge. Even if plaintiff were to amend his complaint to provide facts about any possible family court proceedings and details about any alleged violations of his rights that he believes he faced in that Court, if plaintiff seeks this Court's review of an order of the family court, such review would be barred by Rooker-Feldman, and if plaintiff seeks this Court's review or intervention of a currently pending/ongoing Family Court proceeding, such review would be barred by Younger. See Porter v. Nasci, No. 5:24-CV-0033 (GTS/TWD), 2024 WL 1142144, at *4 (N.D.N.Y. Mar. 15, 2024) (citations omitted), report and recommendation adopted, 2024 WL 3158645 (N.D.N.Y. June 25, 2024) ("Under the Rooker-Feldman doctrine, a federal district court lacks authority to review a final state court order or judgment where a litigant seeks relief that invites the federal district court to reject or overturn such a final state court order or judgment."); see also Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002) ("[F]ederal courts [must] abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings.").

**6**  "With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions." Zavalidroga v. Girouard, No. 6:17-CV-682 (BKS/ATB), 2017 WL 8777370, at *8 (N.D.N.Y. July 7, 2017)

(citing Mireles v. Waco, 502 U.S. 9, 9-10 (1991) (per curiam)). "Judicial immunity has been created for the public interest in having judges who are 'at liberty to exercise their functions with independence and without fear of consequences.' " Id. (quoting Huminski v. Corsones, 396 F.3d 53, 74 (2d Cir. 2004)). "Judicial immunity applies even when the judge is accused of acting maliciously or corruptly." Id. (citation omitted); see Positano v. New York, No. 12-CV-2288 (ADS/AKT), 2013 WL 880329, at *4 (E.D.N.Y. Mar. 7, 2013) (explaining that the plaintiff may not bring action against a judge for actions taken in his judicial capacity, even when the actions violated the ADA).

"Judicial immunity is immunity from suit, not just immunity from the assessment of damages." Zavalidroga, 2017 WL 8777370, at *8 (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). "The only two circumstances in which judicial immunity does not apply is when he or she takes action 'outside' his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken 'in absence of jurisdiction.' " Id. (quoting Mireles, 502 U.S. at 11-12). "In determining whether or not a judge acted in the clear absence of all jurisdiction, the judge's jurisdiction is 'to be construed broadly, and the asserted immunity will only be overcome when the judge clearly lacks jurisdiction over the subject matter.' " Pacherille v. Burns, 30 F. Supp. 3d 159, 163 (N.D.N.Y. 2014) (quoting Ceparano v. Southampton Just. Ct., 404 F. App'x 537, 539 (2d Cir. 2011) (summary order)). "Whether a judge acted in a judicial capacity depends on the nature of the act [complained of] itself, i.e., whether it is a function normally performed by a judge, and [on] the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Ceparano, 404 F. App'x at 539 (internal quotation marks and citation omitted). "Further, if the judge is performing in his judicial capacity," he " 'will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.' " Ceparano, 404 F. App'x at 539 (quoting Stump v. Sparkman, 435 U.S. 349, 362 (1978)). "Judges are not, however, absolutely 'immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.' " Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009) (quoting Mireles, 502 U.S. at 11).

Thus, as plaintiff names the judicial defendants in relation to actions or omissions that they took in their roles as judges, their actions are protected by absolute judicial immunity. To the extent plaintiff names Hon. Felix Catena, "Retired

Administrative Law Judge," Judge Catena is also protected by absolute judicial immunity as a judge's retirement, "does not impact [his or] her immunity for acts taken in [his or] her official capacity before her retirement." McCray v. Lewis, No. 16-CV-3855 (WFK/VMS), 2016 WL 4579081, at *2 (E.D.N.Y. Aug. 31, 2016). To the extent plaintiff may seek to sue the judges their official capacities, the suit is barred by the Eleventh Amendment. See Pacherille v. Burns, 30 F. Supp. 3d 159, 163 n.5 (N.D.N.Y. 2014) ("The Eleventh Amendment shields judges from suit to the extent that they are sued in their official capacities.").

**\*7** In addition, plaintiff also references, exclusively in his "relief" section of the form complaint, that "the Supreme Court Appellate Division, Third Department" when stating that he experienced "deliberate misconduct and malice." Compl. at 7. He does not name this Court as a defendant anywhere in the complaint. However, even if plaintiff were to have named the Appellate Division, Third Department as a defendant, such defendant would also need to be dismissed based on Eleventh Amendment immunity as the Appellate Division "is merely an agency or arm of New York State." Benyi v. New York, No. 3:20-CV-1463 (DNH/ML), 2021 WL 1040649, at *5 (N.D.N.Y. Mar. 23, 2021), report and recommendation adopted, No. 3:20-CV-1463, 2021 WL 1404555 (N.D.N.Y. Apr. 13, 2021) (citation omitted). Accordingly, to the extent a liberal reading of the complaint may suggest that plaintiff seeks to name the Appellate Division as a defendant, such claims are barred by Eleventh Amendment immunity. See Compl.

Finally, insofar as plaintiff seeks to sue Prosecutor Samuel V. Maxwell, Esq., Assistant District Attorney, in addition to the Heck issues noted above, he would be protected by absolute prosecutorial immunity. As this Court has recently reiterated,

Prosecutors enjoy "absolute immunity from § 1983 liability for those prosecutorial activities 'intimately associated with the judicial phase of the criminal process.' " Barr v. Abrams, 810 F.2d 358, 360-61 (2d Cir. 1987) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). This immunity encompasses "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995) (internal quotations and citation omitted). Absolute immunity applies when a prosecutor's conduct, acting as an advocate during the judicial phase of the criminal process, "involves the exercise of discretion." Flagler v. Trainor, 663 F.3d 543, 547 (2d Cir. 2011) (citing Kalina v. Fletcher, 522 U.S. 118, 127 (1997)).

Accordingly, absolute immunity extends to functions such as "deciding whether to bring charges and presenting a case to a grand jury or a court, along with the tasks generally considered adjunct to those functions, such as witness preparation, witness selection, and issuing subpoenas." Simon v. City of New York, 727 F.3d 167, 171 (2d Cir. 2013) (citing Imbler, 424 U.S. at 431 n.33); see also Flagler, 663 F.3d at 547 (explaining, "the Supreme Court has found prosecutors absolutely immune from suit for alleged misconduct during a probable cause hearing, in initiating a prosecution, and in presenting the State's case ... [but] withheld absolute immunity for conduct unrelated to advocacy, such as giving legal advice, holding a press conference, or acting as a complaining witness."). "[O]nce a court determines that challenged conduct involves a function covered by absolute immunity, the actor is shielded from liability for damages regardless of the wrongfulness of his motive or the degree of injury caused ...." Bernard v. Cnty. of Suffolk, 356 F.3d 495, 503 (2d Cir. 2004) (citing Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)).

Williams v. Atkins, No. 5:24-CV-0573 (DNH/TWD), 2024 WL 3649849, at *5 (N.D.N.Y. June 11, 2024), report and recommendation adopted, No. 5:24-CV-573, 2024 WL 3548760 (N.D.N.Y. July 26, 2024).

Plaintiff appears to suggest that Mr. Maxwell "withheld potentially exculpatory material" that was used against him. Compl. at 4. Beyond the Heck barriers already discussed, even if plaintiff could amend to provide greater detail, absolute immunity would extent to even this alleged misconduct as such allegations clearly fall within the scope of prosecutorial immunity. Accordingly, it is recommended that any claims against ADA Samuel V. Maxwell be dismissed for absolute prosecutorial immunity. "Furthermore, because the District Attorney's prosecutorial immunity is substantive and not something that can be corrected by a better pleading, I recommend that the dismissal be with prejudice." Phillips v. New York, No. 5:13-CV-927, 2013 WL 5703629, at *5 (N.D.N.Y. Oct. 17, 2013) (quoting Cuoco v. Moritsugu, 222 F.3d 99, 223 (2d Cir. 2000)). [9]

[9]    Plaintiff appears to characterize his submissions as a purported removal to federal court or suggests that he seeks to remove his case from Montgomery County Court to this Court. See Dkt. No. 7 (citing 28 U.S.C. § 1441). However, in addition

to the infirmities mentioned above, plaintiff has not demonstrated that any proceeding related to this complaint has been properly removed to, or is subject to removal to, this Court. See, e.g., 28 U.S.C. § 1446. Indeed, plaintiff's submissions appear to indicate that plaintiff is the plaintiff in the County Court action. See id. § 1446(a).

### III. Conclusion

 **\*8**  It is **ORDERED**, that plaintiff's in forma pauperis application (dkt. no. 2) be **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's section 1983 claims against Honorable Michael W. Smrtic; Tatiana N. Coffinger, County/Family/Surrogate's Court Judge; and Felix Catena, Retired Administrative Law Judge (Dkt. Nos. 1, 7) be **DISMISSED WITH PREJUDICE** as follows: (1) claims brought against them in their personal/individual capacities for judicial immunity, and (2) claims brought against them in their official capacities for Eleventh Amendment immunity; and it is further

**RECOMMENDED**, that plaintiff's section 1983 claims against Assistant District Attorney Samuel V. Maxwell (Dkt. Nos. 1, 7) be **DISMISSED WITH PREJUDICE** due to absolute prosecutorial immunity; and it is further

**RECOMMENDED**, that, to the extent a liberal reading of the complaint may suggest that plaintiff seeks to name the Appellate Division, Third Department, as a defendant (Dkt. Nos. 1, 7), such claims be **DISMISSED WITH PREJUDICE** as barred by Eleventh Amendment immunity, and it is

**RECOMMENDED**, that plaintiff's pro se motion for permission to file electronically (dkt. no. 4) and motion to appoint counsel [10] (dkt. no. 5) be **DISMISSED AS MOOT** based on the above recommendations, and it is

[10]  The undersigned also notes that plaintiff did not contend that he made any efforts to obtain counsel on his own, show proof of any attorneys he contacted. See Terminate Control Corp v. Horowitz, 28 F.3d 1335 (2d Cir. 1994). See Dkt. No. 5.

**ORDERED**, that the Clerk serve this Report-Recommendation & Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), parties have **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72. [11]

[11]  If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).

### All Citations

Slip Copy, 2024 WL 4870495

---

**End of Document**　　　　© 2026 Thomson Reuters. No claim to original U.S. Government Works.

Case 3:25-cv-01587-AJB-CBF    Document 5    Filed 01/23/26    Page 20 of 35

Jean-Baptiste v. United States Department of Justice, Not Reported in Fed. Rptr. (2024)

2024 WL 1193062

2024 WL 1193062
Only the Westlaw citation is currently available.
United States Court of Appeals, Second Circuit.

Harold JEAN-BAPTISTE, Plaintiff-Appellant,

v.

UNITED STATES DEPARTMENT OF JUSTICE,
Merrick B. Garland, Federal Bureau of Investigation,
Christopher Wray, Director of the Federal Bureau of
Investigations, in his official capacity, City of New York,
Mayor Eric L. Adams, in his official capacity, Police
Commissioner Keechant Sewell, in his official capacity,
Corporation Counsel of the City of New York, Office of
the Attorney General of the State of New York, Damian
Williams, United States Attorney, Defendants-Appellees.

23-441
|
March 20, 2024

Appeal from a judgment of the United States District Court
for the Southern District of New York (Broderick, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY
ORDERED, ADJUDGED, AND DECREED** that the
judgment of the district court is **AFFIRMED**.

**Attorneys and Law Firms**

FOR PLAINTIFF-APPELLANT: Harold Jean-Baptiste, pro
se, Rosedale, NY.

FOR CITY DEFENDANTS-APPELLEES: Melanie T. West,
Lauren L. O'Brien, for Hon. Sylvia O. Hinds-Radix,
Corporation Counsel of the City of New York, New York, NY.

FOR FEDERAL DEFENDANTS-APPELLEES: Brandon H.
Cowart, Christopher Connolly, for Damian Williams, United
States Attorney for the Southern District of New York, New
York, NY.

PRESENT: JOSÉ A. CABRANES, RICHARD C. WESLEY,
ALISON J. NATHAN, Circuit Judges.

## SUMMARY ORDER

**\*1** In the district court, pro se litigant Harold Jean-
Baptiste alleged that the Federal Bureau of Investigation

(FBI) conspired with a private car-transportation company to
frame him for violating New York's vehicle registration law.
He also claimed that the FBI instructed the New York Police
Department to deny his application for a gun license, violating
his Second Amendment rights. The district court dismissed
his claims against all defendants for failure to properly serve,
dismissed his Second Amendment claim for lack of standing,
and concluded that his claims were without merit in any
event. Jean-Baptiste timely appealed. We assume the parties'
familiarity with the remaining facts, the procedural history,
and the issues on appeal, to which we refer only as necessary
to explain our decision to affirm.

As an initial matter, Jean-Baptiste's appellate brief does not
address the dismissal of his Second Amendment claim. While
pro se briefs are liberally construed, *see McLeod v. Jewish
Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017), they
still must provide "a clear statement of the issues on appeal,"
*Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). Jean-
Baptiste's brief fails to do so, and we therefore consider his
Second Amendment claim abandoned. *See Gerstenbluth v.
Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir.
2013).

Moreover, in his brief, Jean-Baptiste argues only that the
defendants waived proper service by appearing in the suit,
which he alleges showed that they received the summons and
complaint. But as the district court explained, actual notice
does not cure improper service. *See Martin v. N.Y. State Dep't
of Mental Hygiene*, 588 F.2d 371, 373 (2d Cir. 1978) ("A
showing that the defendant has had actual notice of the lawsuit
is not sufficient to bar a motion to dismiss[.]"); *see also
United States v. Thompson*, 921 F.3d 82, 87 (2d Cir. 2019)
(same, under New York law). Similarly, while Jean-Baptiste
contends that he served the government entities by mail, the
district court observed that he did not do so in compliance
with N.Y. C.P.L.R. § 312-a(a), a finding he does not challenge.
Because he raises no other challenge to the improper service
issue in his appellate brief, we may affirm on that basis alone.
*See LoSacco v. City of Middletown*, 71 F. 3d 88, 92–93 (2d
Cir. 1995).

In any case, we may also affirm on the basis that Jean-
Baptiste's non-Second-Amendment claims are without merit.
We review a dismissal for failure to state a claim *de novo*,
"accepting as true all of the complaint's well-pleaded facts."
*Washington v. Barr*, 925 F.3d 109, 113 (2d Cir. 2019). Here,
Jean-Baptiste did not plead sufficient facts to state a valid
Fourth Amendment claim premised on the alleged monitoring

Jean-Baptiste v. United States Department of Justice, Not Reported in Fed. Rptr. (2024)

2024 WL 1193062

of his laptop. He also did not plead non-conclusory facts suggesting that any conduct was motivated by unlawful discrimination or unconstitutional conduct, and neither the federal statutes he cited, nor the Ninth Amendment, provides an independent source of substantive rights. *See United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott, 463 U.S. 825, 833 (1983)* (addressing § 1985(3)); *Phillips v. City of New York*, 775 F.3d 538, 544 (2d Cir. 2015) (Ninth Amendment); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999) (§ 1983).

**\*2** Jean-Baptiste also relied on various federal criminal statutes, but none are enforceable by a private citizen. *See Schlosser v. Kwak*, 16 F.4th 1078, 1083 (2d Cir. 2021); *see also Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994).

Finally, Jean-Baptiste has not shown that the district court was biased against him or denied him access to the courts by dismissing his claims. An unfavorable ruling by itself is not grounds for a claim of bias, and nothing indicates that Jean-Baptiste's access to the courts was obstructed or impeded in any way. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

We have considered Jean-Baptiste's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

### All Citations

Not Reported in Fed. Rptr., 2024 WL 1193062

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

2005 WL 2033489
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Steven M. DENES, Plaintiff,

v.

GLENS FALLS HOSPITAL, Defendant.

No. 1:05 CV 0838 GLS DRH.
|
Aug. 17, 2005.

**Attorneys and Law Firms**

Steven Denes, Washington Correctional Facility, Comstock, NY, Plaintiff, pro se.

*DECISION and ORDER*

SHARPE, J.

I. Background.

 **\*1** Presently before this Court is an application to proceed *in forma pauperis* and civil rights complaint filed by Steven Denes ("plaintiff" or "Denes"). Denes has not paid any fee relating to this action.

For the reasons stated below, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice of this District.

In his *pro se* complaint Denes claims he was treated at Glens Falls Hospital in 2002. The physicians who treated him removed rocks and glass from his hand after an automobile accident. Plaintiff alleges that it has been over two years, and there are still bumps in his hand. Plaintiff seeks monetary damages. For a complete statement of plaintiff's claims, reference is made to the entire complaint filed herein.

II. Discussion.

Consideration of whether a *pro se* plaintiff should be permitted to proceed *in forma pauperis* is a two-step process. First, the Court must determine whether the plaintiff may proceed with the action without prepaying, in full, the $250.00 filing fee. The Court must then consider whether the causes of action stated in the complaint are, *inter alia,* frivolous or

malicious, or if they fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

   (A) Application to Proceed *In Forma Pauperis.*

In the present case, the Court has determined that Denes' financial status qualifies him to file or "commence" this action without prepaying in full the $250.00 filing fee. However, plaintiff did not file an inmate authorization indicating his consent to pay the current filing fee. Thus, he may not be permitted to proceed *in forma pauperis* until such time as a current authorization is filed with the Court. Thus, at this time, plaintiff's application to proceed *in forma pauperis* will be denied as incomplete.

   (B) Plaintiff's Claim.

Turning to the second inquiry, 28 U.S.C. § 1915(e), as amended, directs that the Court:

(2) [S]hall dismiss the case at any time if the court determines that -
* * *

(B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Thus, there is a responsibility on the Court to determine that a complaint may be properly maintained in the District before it may permit a plaintiff to proceed with an action. *Id.*

   (1) Jurisdiction of the Court.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a federal question is presented or when the parties are of diverse citizenship and the amount in question exceeds $75,000. It is well established that the Court may raise the question of jurisdiction sua sponte, and that where jurisdiction is lacking, "dismissal is mandatory." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Properties Meriden Square, Inc.,* 30 F.3d 298, 301 (2d Cir.1994); *see also* Fed.R.Civ.P. 12(h)(3).

   (a) Diversity Jurisdiction.

**\*2** Diversity jurisdiction exists only if there is diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000. See 28 U.S.C. § 1332(a). The party seeking to invoke diversity jurisdiction must establish that complete diversity existed at the time the action was commenced. *Advani Enterprises, Inc. v. Underwriters at Lloyds,* 140 F.3d 157, 160 (2d Cir.1998). In this action plaintiff does not allege, nor does it appear from the pleadings, that there is complete diversity between the parties to this action.

(b) Federal Question.

Plaintiff brought this action pursuant to 42 U.S.C. § 1983. Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *German v. Fed. Home Loan Mortg. Corp.,* 885 F.Supp. 537, 573 (S.D.N.Y.1995) (citing *Wilder v. Virginia Hosp. Ass'n,* 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz,* No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J .) (§ 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.") (citation omitted).

However, parties may not be held liable under this section unless it can be established that they have acted under the color of state law. *See, e.g., Rounseville v. Zahl,* 13 F.3d 625 (2d Cir.1994) (noting state action requirement under § 1983); *Wise v. Battistoni,* 92-CIV-4288, 1992 WL 380914, *1 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted). State action is an essential element of any § 1983 claim. *See Gentile v. Republic Tobacco Co.,* No. 95-CV-1500, 1995 WL 743719, *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, D.J.) (citing *Velaire v. City of Schenectady,* 862 F.Supp. 774, 776 (N.D.N.Y.1994) (McAvoy, C.J.) (citation omitted)).

In the present case, the plaintiff's complaint contains no allegations that defendant Glens Falls Hospital is a state actor. Since it is the duty of the plaintiff to allege state action on the part of the defendant named in a complaint, a court may dismiss an action under 28 U.S.C. § 1915(e) where a plaintiff fails to plead such a nexus. *See, e.g., Carollo-Gardner v.*

*Diners Club,* 628 F.Supp. 1253, 1256-57 (E.D.N.Y.1986) (dismissing as frivolous *pro se* complaint where plaintiff failed to allege state action on part of defendants) (citations omitted); *see also DeMatteis v. Eastman Kodak Co.,* 511 F.2d 306, 311 (2d Cir.) (affirming dismissal of complaint where plaintiff failed to include allegations of state action in complaint), *modified on other grounds,* 520 F.2d 409 (2d Cir.1975); *Lawson v. Abrams,* No. CV-84-4325, 1988 WL 49244, *4 (E.D.N.Y. May 6, 1988).

Furthermore, even if the defendant were found to be a state actor, Denes' claim is grounded in medical malpractice. Negligence by physicians, even amounting to malpractice, does not become a constitutional violation merely because the plaintiff is an inmate; claims of malpractice or disagreement with treatment are not actionable under § 1983. *Murphy v. Grabo,* No. 94-CV-1684 1998 WL 166840 (N.D.N.Y., Apr 9, 1998) (Pooler, D.J.).

**\*3** Since plaintiff's complaint, as presented to this Court, fails to state a claim upon which relief may be granted, it must therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice of this District.

WHEREFORE, it is hereby

ORDERED, that leave to commence this action *in forma pauperis* is denied as incomplete as plaintiff has not submitted an inmate authorization indicating his consent to the filing fee which is currently $250.00, and it is further

ORDERED, that this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice of this District, and it is further

ORDERED, that the Clerk serve a copy this Order on Denes by regular mail.

IT IS SO ORDERED.

## All Citations

Not Reported in F.Supp.2d, 2005 WL 2033489

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

Case 3:25-cv-01587-AJB-CBF    Document 5    Filed 01/23/26    Page 24 of 35

Reyes v. New York Presbyterian Hospital, Not Reported in Fed. Supp. (2020)

2020 WL 6161261

2020 WL 6161261
Only the Westlaw citation is currently available.
NOT FOR PUBLICATION
United States District Court, E.D. New York.

Maria Esther REYES, Plaintiff,
v.
NEW YORK PRESBYTERIAN HOSPITAL;
Dr. Manmee K. Malik MD; Dr. Jerry Chang;
and Dr. Akkamma Ravi MD, Defendants.

20-cv-3046 (KAM)(ST)
|
Signed 10/21/2020

**Attorneys and Law Firms**

Maria Esther Reyes, Jamaica, NY, pro se.

### MEMORANDUM & ORDER

MATSUMOTO, United States District Judge:

 **\*1**  *Pro se* plaintiff Maria Esther Reyes filed this *in forma pauperis* action under this court's diversity jurisdiction seeking damages against defendants for medical malpractice. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. The action is dismissed for lack of subject matter jurisdiction with leave to replead as set forth below.

### BACKGROUND

According to the complaint, the truth of which is assumed for the purposes of this Memorandum and Order, Plaintiff seeks damages for the alleged medical malpractice of the defendant doctors and New York Presbyterian Hospital in the 2017-2018 treatment of her breast cancer. (ECF No. 1, Complaint.)

### STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court must construe a *pro se* litigant's pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and a *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citations omitted). Nevertheless, "a *pro se* plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, No. 10-CV-3346 (ARR), 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (internal quotation marks and citations omitted).

### DISCUSSION

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-701 (2d Cir. 2000); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. The party asserting jurisdiction bears the burden of proof. *DiTolla v. Doral Dental IPA of N.Y.*, 469 F.3d 271, 275 (2d Cir. 2006); *White v. Abney*, No. 17-CV-4286 (MKB), 2019 WL 1298452, at *2 (E.D.N.Y. Mar. 21, 2019) (the party seeking to assert diversity jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating

Reyes v. New York Presbyterian Hospital, Not Reported in Fed. Supp. (2020)

2020 WL 6161261

that the grounds for diversity exist "by a preponderance of the evidence") (citations omitted).

 **\*2** According to the complaint, the basis for subject matter jurisdiction is diversity of the parties. (Compl. 4.) It is axiomatic that, for diversity jurisdiction to be available, all of the adverse parties in a suit must be completely diverse with regard to citizenship. *See E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998); *France v. Thermo Funding Co., LLC*, No. 13 Civ. 712(SAS), 2013 WL 5996148, at \*2 (S.D.N.Y. Nov. 12, 2013) ("Federal jurisdiction may not be asserted on the basis of diversity unless 'the citizenship of each plaintiff is diverse from the citizenship of each defendant.' ") (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Plaintiff is a resident of New York. Although plaintiff has not provided any information about the citizenship of the defendants (Compl. 4), she provides New York mailing addresses for all four of the defendants. (*Id.* 2-3.) Because plaintiff does not allege that the parties are diverse, the court lacks diversity jurisdiction over plaintiff's claims.

The court has considered whether it may exercise its federal question jurisdiction over the claims in this complaint and finds that it cannot. Plaintiff's potential claims for negligence and medical malpractice arise under state law, not federal law. *See, e.g., Obunugafor v. Borchert*, 01-CV-3125, 2001 WL 1255929, at \*2 (S.D.N.Y. Oct. 19, 2001) (holding that plaintiff's claims for medical neglect and failure to diagnose amounted to a claim of negligence or malpractice under state law and did not raise a federal question). Plaintiff has not alleged that her medical care was covered under any federal program or provision that would confer subject matter jurisdiction over this action. Even allowing the *pro se* complaint a liberal reading, there is a total absence of facts

suggesting the existence of a "colorable federal claim." *See Chestnut v. Wells Fargo Bank, N.A.*, No. 1 l-CV-5369, 2012 WL 601785, at \*3 (E.D.N.Y. Feb. 22, 2012).

## CONCLUSION

For the foregoing reasons, the complaint filed *in forma pauperis* is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). However, in light of plaintiff's *pro se* status, the plaintiff shall be afforded thirty days leave to file an Amended Complaint. The Amended Complaint shall be submitted to the Court within thirty days of the date of this Order. The Amended Complaint shall completely replace, not supplement, the original complaint. No summons shall issue at this time and all further proceedings are stayed for thirty days for Plaintiff to comply with this Order. If the plaintiff fails to comply with this Order within the time allowed, an order and judgment dismissing this action without prejudice shall enter.

Once submitted, the Amended Complaint will be reviewed for compliance with this Order and for sufficiency under Fed. R. Civ. P. 8, 12 and 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2020 WL 6161261

---

**End of Document**                                    © 2026 Thomson Reuters. No claim to original U.S. Government Works.

Panchitkhaew v. Long Island Jewish Medical Center, Not Reported in Fed. Supp. (2019)

2019 WL 1492780

2019 WL 1492780
Only the Westlaw citation is currently available.
United States District Court, E.D. New York.

Vimon PANCHITKHAEW, Plaintiff,
v.
LONG ISLAND JEWISH MEDICAL
CENTER, Dr. Dev Kamdar, Dr. Armen
Kasabien, Dr. Frank G. Douglas, Defendants.

18-CV-4434(JFB)(AKT)
|
Signed 04/04/2019

**Attorneys and Law Firms**

Vimon Panchitkhaew, Levittown, NY, pro se.

ORDER

Joseph F. Bianco, United States District Judge

**\*1** On August 6, 2018, *pro se* plaintiff Vimon Panchitkhaew ("plaintiff") filed an *in forma pauperis* complaint against Long Island Jewish Medical Center (the "Medical Center"), Dr. Dev Kamdar ("Dr. Kamdar"), Dr. Armen Kasabian ("Dr. Kasabian"), and Dr. Frank G. Douglas ("Dr. Douglas" and collectively, "defendants"). (ECF No. 1.) Accompanying the complaint is an application to proceed *in forma pauperis*. (ECF No. 2.) For the reasons that follow, plaintiff's application to proceed *in forma pauperis* is granted, and the complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3).

DISCUSSION

I. The Complaint
Plaintiff's brief complaint is submitted on the Court's general complaint form. Although plaintiff checked the box to allege that this Court's federal question subject matter jurisdiction is invoked, in the space on the form complaint that calls for the federal constitutional provision or federal statute that is at issue, plaintiff alleges "28:1131, 28:1332, NYS: other tort (negligence)." (Compl. ¶ II. A.) Plaintiff also alleges that she, and each of the defendants, are citizens of New York State (*id.* ¶ 2. B. 1-2), and that the amount in controversy is 40 million dollars. (Id. ¶ 2.B.3.)

Plaintiff, a self-described fifty-eight-year-old "underrepresented minority from Thailand," alleges that she "has been living her life miserably, painfully, and [has] endless health issues" due to the "medical negligence" of the defendants. (*Id.* at 7-8.) According to the complaint, plaintiff had "extensive surgery" at the Medical Center to treat "buccal squamous cell carcinoma invading the mandible," but she then "developed squamous cell carcinoma on the left side of her mouth." (*Id.* at 8-9.) Plaintiff alleges that she was "admitted to the operating room" for "resection," but instead, defendants "performed a partial maxillectomy that unnecessarily went all the way to the retromolar trigone, and significant soft tissues." (*Id.* at 9.) Plaintiff claims that, "[a]s a result of this improvised, unplanned surgery, [she] permanently suffocated an '[o]ral [i]ncompetence.' " (*Id.*) As a result, plaintiff alleges claims of "negligence - medical malpractice." (*Id.* at 11.)

II. Application to Proceed *In Forma Pauperis*
Upon review of plaintiff's declaration in support of her application to proceed *in forma pauperis*, the Court determines that plaintiff's financial status qualifies her to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

III. Application of 28 U.S.C. § 1915
Section 1915 of Title 28 requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. *See id.*

**\*2** It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010); and to construe it " 'to raise the strongest arguments' " suggested. *Chavis*, *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010) ). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum* Co., 621 F.3d 111, 123 (2d

Case 3:25-cv-01587-AJB-CBF    Document 5    Filed 01/23/26    Page 27 of 35

Panchitkhaew v. Long Island Jewish Medical Center, Not Reported in Fed. Supp. (2019)

2019 WL 1492780

Cir. 2010), *aff'd* 569 U.S. 108 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ).

However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679 (citations omitted). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." *Id.* at 678. While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the ... claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted), and must show that the court has subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

A. Legal Standard for Subject Matter Jurisdiction

As a threshold matter, the Court must determine whether it has subject matter jurisdiction to adjudicate plaintiff's claims. "Federal courts must determine that they have jurisdiction before proceeding to the merits." *Lance v. Coffman*, 549 U.S. 437, 439 (2007). Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). Lack of subject matter jurisdiction cannot be waived, and may be raised at any time by a party or by the Court *sua sponte. Id.* If subject matter jurisdiction is lacking, the action must be dismissed. Fed. R. Civ. P. 12(h)(3); *Lyndonville Sav. Bank & Tr.* Co., 211 F.3d at 700-01.

The basic statutory grants of subject matter jurisdiction are set forth in 28 U.S.C. §§ 1331 and 1332. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Section 1331 provides that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1332 provides that federal district court subject matter jurisdiction may be established where there is a diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332. Although courts hold *pro se*

complaints "to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), *pro se* litigants must establish subject matter jurisdiction, *see, e.g., Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999).

B. Subject Matter Jurisdiction Analysis

**\*3** Applying the rules regarding federal district court subject matter jurisdiction to this case, it is clear that this Court lacks subject matter jurisdiction to adjudicate plaintiff's claims. Although plaintiff seeks to invoke this Court's federal question jurisdiction, she does not allege, or even mention, any federal law, treaty, or constitutional provision in her complaint other than the subject matter jurisdiction statutes. Even construing the *pro se* complaint liberally, the Court cannot discern a non-frivolous federal claim such that this Court's federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 may be invoked. Rather, plaintiff alleges that she seeks to pursue state law tort claims of negligence and medical malpractice. *See Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002) ("When deciding whether federal question jurisdiction exists, we must proceed prudently and make pragmatic distinctions between those allegations, if any, that raise substantial questions and those that do not." (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 26 (1983) ) ).

Further, diversity subject matter jurisdiction is not established pursuant to 28 U.S.C. § 1332, because plaintiff alleges that all of the parties to the case are citizens of New York. Because diversity of citizenship is lacking, the requirements of 28 U.S.C. § 1332 are not met. In the absence of a basis to support this Court's subject matter jurisdiction, plaintiff's complaint must be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ P. 12 (h)(3). However, plaintiff's claims are dismissed without prejudice and she may pursue any valid claims she may have against the defendants in state court.

IV. Leave to Amend

In light of the pleading deficiencies set forth above, the Court has considered whether plaintiff should be given an opportunity to re-plead. Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). "This relaxed standard applies with particular force to *pro se* litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999). The Second Circuit has emphasized that a "court should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint

Case 3:25-cv-01587-AJB-CBF    Document 5    Filed 01/23/26    Page 28 of 35

Panchitkhaew v. Long Island Jewish Medical Center, Not Reported in Fed. Supp. (2019)

2019 WL 1492780

gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citations and internal quotation marks omitted); *see also Chavis*, 618 F.3d at 170. Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' " *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) ); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

Here, the lack of subject matter jurisdiction cannot be remedied by amendment. Accordingly, the Court declines to grant plaintiff leave to file an amended complaint.

CONCLUSION

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted, and her complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(h)(3). The Clerk of the Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2019 WL 1492780

---

**End of Document** © 2026 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW  © 2026 Thomson Reuters. No claim to original U.S. Government Works.   3

2025 WL 2324128
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Curtis Dijon FISHER, Plaintiff,

v.

GLENS FALLS HOSPITAL, Glens
Falls Hospital CEO/President, and Glens
Falls Police Department, Defendants.

1:25-CV-831 (AJB/DJS)
|
Signed July 15, 2025

**Attorneys and Law Firms**

CURTIS DIJON FISHER, Plaintiff, Pro Se, 21085, Warren
County Correctional Facility, 1400 State Route 9, Lake
George, New York 12845.

**REPORT-RECOMMENDATION and ORDER**

DANIEL J. STEWART, United States Magistrate Judge

**\*1** The Clerk has forwarded for review what has been
docketed as a civil complaint filed by Plaintiff. Dkt. No. 1,
Compl. Plaintiff has not paid the filing fee, but has submitted
an application to proceed *in forma pauperis* ("IFP"), Dkt. No.
2, which the Court has granted.

**I. FACTUAL ALLEGATIONS**

The Complaint is brought pursuant to 42 U.S.C. § 1983,
alleging violation of Plaintiff's constitutional rights. Compl.
at p. 3. Specifically, Plaintiff alleges violation of his rights
under the First, Fourth, Sixth, Eighth, Tenth, and Fourteenth
Amendments. *Id.* at p. 6. He also appears to be asserting a
state law claim for medical malpractice. *Id.* at p. 2.

Plaintiff alleges that in July 2023 he suffered gunshot wounds.
*Id.* at p. 6. Instead of immediately providing medical care, the
Complaint alleges that detectives with the Glens Falls Police
Department improperly questioned him about the incident for
hours. *Id.* Plaintiff claims that he suffered injury at Glens
Falls Hospital when his wound was merely stitched without
removing bullet fragments. *Id.* at pp. 1 & 6. He claims he had

to seek relief at another hosiptal at a later date for follow-up
treatment. *Id.* at p. 6.

**II. SUFFICIENCY OF THE COMPLAINT**

**A. Governing Legal Standard**

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to
proceed *in forma pauperis*, "(2) ... the court shall dismiss
the case at any time if the court determines that – ... (B)
the action ... (i) is frivolous or malicious; (ii) fails to state a
claim on which relief may be granted; or (iii) seeks monetary
relief against a defendant who is immune from such relief." 28
U.S.C. § 1915(e)(2)(B). [1] Thus, even if a plaintiff meets the
financial criteria to commence an action *in forma pauperis*, it
is the court's responsibility to determine whether the plaintiff
may properly maintain the complaint that he filed in this
District before the court may permit the plaintiff to proceed
with this action *in forma pauperis. See id.*

[1]    To determine whether an action is frivolous, a court
       must look to see whether the complaint "lacks an
       arguable basis either in law or in fact." *Neitzke v.
       Williams*, 490 U.S. 319, 325 (1989).

Likewise, under 28 U.S.C. § 1915A, a court must review
any "complaint in a civil action in which a prisoner seeks
redress from a governmental entity or officer or employee of
a governmental entity" and must "identify cognizable claims
or dismiss the complaint, or any portion of the complaint,
if the complaint ... is frivolous, malicious, or fails to state a
claim upon which relief may be granted; or ... seeks monetary
relief from a defendant who is immune from such relief." 28
U.S.C. § 1915A; *see also Carr v. Dvorin, 171* F.3d 115, 116
(2d Cir. 1999) (*per curiam*); *Abbas v. Dixon*, 480 F.3d 636,
639 (2d Cir. 2007) (stating that both sections 1915 and 1915A
are available to evaluate *pro se* prisoner complaints).

In reviewing *a pro se* complaint, the court has a duty to show
liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d
605, 606 (2d Cir. 1990) (*per curiam*), and should exercise
"extreme caution ... in ordering sua sponte dismissal of a
pro se complaint *before* the adverse party has been served
and both parties (but particularly the plaintiff) have had an
opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37,
41 (2d Cir. 1983) (internal citations omitted). Therefore, a
court should not dismiss a complaint if the plaintiff has stated
"enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

**\*2** Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an adorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### B. Analysis of the Complaint

#### *1. Section 1983*

Upon review, all of Plaintiff's section 1983 claims should be dismissed.

First, claims against the Glens Falls Police Department should be dismissed. "A city police department is not an independent, suable entity separate from the municipality in which the police department is organized." *Krug v. Cty. of Rennselaer*, 559 F. Supp. 2d 223, 247 (N.D.N.Y. 2008). As a result, claims against that entity must be dismissed.

Next, Section 1983 claims against Glens Falls Hospital and its President should be dismissed based on the lack of state action. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). "A

plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003). "State action requires both the exercise of some right or privilege created by the State and the involvement of a person who may fairly be said to be a state actor." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (quoting *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d at 186) (internal quotations and alterations omitted). Plaintiff has failed to make any allegations establishing that either of these Defendants are state actors.

"In general, a private hospital will not be considered a state actor." *Rule v. Braiman*, 2024 WL 4042135, at \*13 (N.D.N.Y. Sept. 4, 2024) (internal quotation omitted). While private parties, such as the Hospital and its President generally are not state actors, their conduct can be attributed to the state for section 1983 purposes if "(1) the State compelled the conduct, (2) there is a sufficiently close nexus between the State and the private conduct, or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State." *Hogan v. A.O. Fox Mem'l Hosp.*, 346 F. App'x 627, 629 (2d Cir. 2009). The activities of private hospitals and their officers typically do not satisfy any of these tests. *Id.*; *Rule v. Braiman*, 2024 WL 4042135, at \*13. "[P]laintiff's complaint contains no allegations that defendant Glens Falls Hospital is a state actor. Since it is the duty of the plaintiff to allege state action on the part of the defendant named in a complaint, a court may dismiss an action under 28 U.S.C. § 1915(e) where a plaintiff fails to plead such a nexus." *Denes v. Glens Falls Hosp.*, 2005 WL 2033489, at \*2 (N.D.N.Y. Aug. 17, 2005).

Accordingly, the Court recommends that the section 1983 claims asserted here be dismissed.

#### *2. State Law Claims*

**\*3** Liberally construed, the Complaint also asserts claims for medical malpractice. That claim should also be dismissed at this juncture based on a lack of subject matter jurisdiction.

"[A] medical malpractice claim is a state law claim that is neither created by federal law nor necessarily depends on the resolution of a substantial question of federal law." *Gilmore for Gilmore v. Rennselaer Cnty. Med. Exam'r*, 2022 WL 1985664, at \*4 (N.D.N.Y. June 3, 2022), *report and recommendation adopted*, 2022 WL 2827514 (N.D.N.Y. July

20, 2022) (internal quotations omitted). Thus, this Court has jurisdiction only if there is diversity of citizenship.

"Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000." *Ceglia v. Zuckerberg*, 772 F. Supp. 2d 453, 455 (W.D.N.Y. 2011). "A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (internal quotations omitted). Complete diversity is required – meaning if any Defendant is a resident of the same state as the Plaintiff, diversity jurisdiction does not exist. *Seemann v. Maxwell*, 178 F.R.D. 23, 24 (N.D.N.Y. 1998). The Complaint specifically alleges that both Plaintiff and Defendants are residents of New York. Compl. at pp. 4-5. As a result, there is also no diversity jurisdiction in this case and no independent jurisdictional basis for entertaining these claims.

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Having recommended dismissal of the federal claims over which the Court has original jurisdiction, the Court also recommends that the District Court decline to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting.

### 3. Leave to Amend

"[A] court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.' " *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). Accordingly, the Court recommends that the Complaint be dismissed, but that Plaintiff be afforded an opportunity to amend.

The Court advises Plaintiff that should he be permitted to amend his Complaint, any amended pleading he submits must comply with Rules 8 and 10 of the Federal Rules

of Civil Procedure. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date, including the year, on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

**\*4** Plaintiff is further cautioned that no portion of his prior Complaint shall be incorporated into his amended complaint by reference. Any amended complaint submitted by Plaintiff must set forth all of the claims he intends to assert against the defendants and must demonstrate that a case or controversy exists between the Plaintiff and the defendants which Plaintiff has a legal right to pursue and over which this Court has jurisdiction. If Plaintiff is alleging that the named defendant violated a law, he should specifically refer to such law.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with leave to amend**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

2025 WL 2324128

2    If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**All Citations**

Slip Copy, 2025 WL 2324128

---

**End of Document**    © 2026 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW    © 2026 Thomson Reuters. No claim to original U.S. Government Works.    4

2025 WL 2323523
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Curtis Dijon FISHER, Plaintiff,

v.

GLENS FALLS HOSPITAL et al., Defendants.

1:25-CV-831 (AJB/DJS)
|
Signed August 12, 2025

**Attorneys and Law Firms**

CURTIS DIJON FISHER, Plaintiff, Pro Se, 21085, Warren County Correctional Facility, 1400 State Route 9, Lake George, NY 12845.

**ORDER ON REPORT & RECOMMENDATION**

Anthony Brindisi, United States District Judge:

 **\*1**  On June 26, 2025, *pro se* plaintiff Curtis Dijon Fisher ("plaintiff"), who is currently being detained in the Warren County Correctional Facility, filed this 42 U.S.C. § 1983 action alleging that defendants violated his civil rights. Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2, 3.

On July 15, 2025, U.S. Magistrate Judge Daniel J. Stewart granted plaintiff's IFP Application, Dkt. No. 4, and conducted an initial review of plaintiff's pleading. Based on this initial review, Judge Stewart advised by Report & Recommendation

("R&R") that plaintiff's complaint be dismissed with leave to amend. Dkt. No. 5.

Plaintiff has not lodged objections to the R&R. The time period in which to do so has expired. However, plaintiff has submitted a First Amended Complaint in accordance with the R&R. Dkt. No. 6. Upon review for clear error, the R&R will be accepted and adopted, *see* FED. R. CIV. P. 72(b), and plaintiff's First Amended Complaint will be referred to Judge Stewart for further action as appropriate.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 5) is ACCEPTED; and

2. Plaintiff's complaint (Dkt. No. 1) is DISMISSED with leave to amend; and

3. Plaintiff's First Amended Complaint (Dkt. No. 6) is REFERRED to Judge Stewart.

The Clerk of the Court is directed to terminate the pending motion and refer the First Amended Complaint (Dkt. No. 6) to the assigned Magistrate Judge for further action.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2025 WL 2323523

---

**End of Document**                    © 2026 Thomson Reuters. No claim to original U.S. Government Works.

2025 WL 247901
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Matthew H. COLE, Plaintiff,

v.

Honorable Michael W. SMRTIC, Interim Montgomery
County Judge; Tatiana N. Coffinger, County/Family/
Surrogate's Court Judge; Honorable Felix Catena,
Retired Administrative Law Judge; and Samuel V.
Maxwell, Esq., Assistant District Attorney, Defendants.

1:24-CV-847 (MAD/PJE)
|
Signed January 21, 2025

**Attorneys and Law Firms**

MATTHEW H. COLE, 271 Market Street, Amsterdam, New
York 12010, Plaintiff pro se.

### ORDER

Mae A. D'Agostino, United States District Judge:

**\*1** Plaintiff commenced this action on May 6, 2024,
asserting that Defendants violated his due process and speedy
trial rights, and that he received ineffective assistance of
counsel in an underlying state criminal action. *See* Dkt. No. 1.
In a Report-Recommendation and Order dated November 21,
2024, Magistrate Judge Hummel granted Plaintiff's request
to proceed *in forma pauperis* and conducted an initial
review of the complaint. *See* Dkt. No. 8. In the Report-
Recommendation and Order, Magistrate Judge Hummel
concluded that, in addition to the complaint being subject
to dismissal for failure to comply with Rule 8 of the
Federal Rules of Civil Procedure, Plaintiff's due process,
speedy trial, and ineffective assistance of counsel claims
are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994),
because Plaintiff's underlying state court conviction has
not been reversed on direct appeal or otherwise expunged.
*See id.* at 8-10. Moreover, the Report-Recommendation
and Order recommended dismissal of the claims against
Defendants Smrtic, Coffinger, and Catena since they are
barred by absolute judicial immunity. *See id.* at 10-12.
To the extent Plaintiff is attempting to assert a claim
against the Appellate Division, Third Department, Magistrate
Judge Hummel found that the claim is barred by Eleventh

Amendment immunity because the Appellate Division "
'is merely an agency or arm of New York State." *Id.* at
12-13 (quotation omitted). Finally, Magistrate Judge Hummel
recommended that the claims against Defendant Maxwell be
dismissed because he is protected by prosecutorial immunity.
*See id.* at 13-14. Plaintiff has not objected to the Report-
Recommendation and Order.

When a party files specific objections to a magistrate judge's
report-recommendation, the district court "make[s] a de novo
determination of those portions of the report or specified
proposed findings or recommendations to which objection is
made." 28 U.S.C. § 636(b)(1)(C). However, when a party
files "[g]eneral or conclusory objections, or objections which
merely recite the same arguments [that he] presented to the
magistrate judge," the court reviews those recommendations
for clear error only. *O'Diah v. Mawhir*, No. 9:08-CV-322,
2011 WL 933846, \*2 (N.D.N.Y. Mar. 16, 2011) (citations
and footnote omitted). After the appropriate review, "the
court may accept, reject, or modify, in whole or in part, the
findings or recommendations made by the magistrate judge."
28 U.S.C. § 636(b)(1)(C).

In the present matter, the Court finds that Magistrate Judge
Hummel correctly determined that Plaintiff's complaint must
be dismissed. Plaintiff's complaint makes clear that his claims
stem from alleged violations of his rights that occurred during
an underlying state criminal case. *See* Dkt. No. 1 at 3-4;
Dkt. No. 7 at 4. Since Plaintiff's criminal conviction has not
been reversed, expunged by executive order, or called into
question by a federal court's issuance of a writ of habeas
corpus, Plaintiff's claims brought pursuant to Section 1983 are
barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Strong
v. Watson*, No. 1:22-cv-552, 2023 WL 8439445, \*14-15
(W.D.N.Y. Sept. 26, 2023) (dismissing the plaintiff's claims
of malicious prosecution, conspiracy, speedy trial violations,
denial of due process, and denial of equal protection under
*Heck* because the claims "all seek to impugn the validity of
his underlying state court criminal charges").

**\*2** Magistrate Judge Hummel also correctly determined
that, in the alternative, the claims against the named
Defendants are subject to dismissal based on absolute
judicial and prosecutorial immunity. The allegations against
Defendants Smrtic, Coffinger, and Catena make clear that
these individuals were acting in their judicial capacities
and that their actions were not taken in the absence of
jurisdiction. Accordingly, they are entitled to absolute judicial
immunity. *See Ceparano v. Southampton Just. Ct.*, 404 Fed.

Appx. 537, 539 (2d Cir. 2011). As to Defendant Maxwell, Plaintiff has alleged that he withheld exculpatory evidence in the underlying criminal matter. Since this conduct clearly involves "prosecutorial activities 'intimately associated with the judicial phase of the criminal process,' " Defendant Maxwell is entitled to absolute prosecutorial immunity. *See Barr v. Abrams*, 810 F.2d 358, 360-61 (2d Cir. 1987) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Additionally, to the extent Plaintiff has attempted to assert claims against the Appellate Division, Third Department, the claims must be dismissed because the Third Department is an arm of New York State and is entitled to Eleventh Amendment immunity. *See Benyi v. New York*, No. 3:20-cv-1463, 2021 WL 1406649, *5 (N.D.N.Y. Mar. 23, 2021) (citation omitted).

Finally, the Court agrees with Magistrate Judge Hummel that, because it is clear that the issues with Plaintiff's complaint are substantive and not something that can be corrected by better pleading, Plaintiff will not be afforded an opportunity to amend his complaint. *See Phillips v. New York*, No. 5:13-cv-927, 2013 WL 5703629, *5 (N.D.N.Y. Oct. 17, 2013) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's November 21, 2024, Report-Recommendation and Order (Dkt. No. 8) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without leave to amend**; and the Court further

**ORDERS** that Plaintiff's motion for permission to file electronically (Dkt. No. 4) and motion to appoint counsel (Dkt. No. 5) are **DENIED as moot**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2025 WL 247901

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2026 Thomson Reuters. No claim to original U.S. Government Works.   2